

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# USA v. Abraham

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2926

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Abraham" (2004). *2004 Decisions.* Paper 867.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/867

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2926

———

UNITED STATES OF AMERICA

v.

BRUCE ABRAHAM,
                            Appellant

———

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 02-cr-00932
District Judge:  The Honorable Joseph E. Irenas

———

Submitted Under Third Circuit LAR 34.1(a)
February 23, 2004

———

Before: RENDELL, BARRY, and ROSENN, Circuit Judges

———

(Opinion Filed: April 6, 2004)

———

OPINION

———

BARRY, Circuit Judge

   We are asked to review the July 2, 2003 order of the United States District Court

for the District of New Jersey affirming appellant's convictions for supplying false and

fraudulent documents to the Internal Revenue Service ("IRS"). We will affirm.

## I.

On July 29, 2002, appellant Bruce Abraham, a Camden, New Jersey police officer, was charged in an eight count amended criminal complaint with supplying false and fraudulent documents to the IRS in violation of 26 U.S.C. § 7207 and 18 U.S.C. § 2. More specifically, on his 1995 federal income tax return, Abraham listed six dependents living in his home, and took $21,424 in itemized deductions, including $4,687 in charitable gifts and $4,469 in unreimbursed business expenses. Due to the large number of dependents claimed, and the amount of itemized deductions, the IRS determined to audit the 1995 tax return.

On July 15, 1997, Abraham met with the IRS auditor, Rick Costow, and gave him, among other documents, the custody order alleged in Count 1 to be fraudulent. Costow gave Abraham a form which requested that he provide, by July 30, 1997, additional documentation to support his claimed dependents and deductions. Costow received no response by the deadline, and on August 11, 1997 sent Abraham a letter disallowing the unsupported claims.

Sometime after sending this letter, but before September 17, 1997, Costow received the allegedly fraudulent documents upon which Counts 2-8 are based.[1] Costow

---

[1] The documents are: a letter from the Camden County Board of Social Services stating that four of Abraham's claimed dependents were not receiving financial assistance from the agency; two documents from the Social Security Administration ("SSA") stating that

did not recall specifically how he got these documents – whether by mail or personal delivery – but testified that he was "positive they were submitted by Mr. Abraham."

U.S. Magistrate Judge Joel B. Rosen conducted a two day jury trial. On July 31, 2002, Abraham was convicted on all eight counts. He was sentenced on December 10, 2002 to two years probation on each count, to run concurrently, with six months home confinement and a $2,000 fine.

Abraham appealed his convictions to the District Court, arguing that the evidence was insufficient as to Counts 2-8.[2] The District Court affirmed by order dated July 2, 2003, finding that "the evidence really comes close to being overwhelming here." Abraham appeals that order.[3]

## II.

Our standard of review for sufficiency of the evidence is plenary, <u>United States v. Taftsiou</u>, 144 F.3d 287, 290 (3d Cir. 1998), and the parameters of that review are well established:

---

two of Abraham's claimed dependents were not receiving SSA benefits; pediatric vaccine records for two of Abraham's claimed dependents; a letter from the City of Camden Police Department indicating various required uniform and police gear; and a letter from a church to which Abraham purportedly made charitable contributions.

[2]Abraham does not appeal his conviction on Count 1.

[3]The Magistrate Judge had subject matter jurisdiction under 18 U.S.C. § 3401 and 28 U.S.C. § 636. The District Court had jurisdiction to review the Magistrate Judge' decision under 18 U.S.C. § 3402. We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291.

> We review the "sufficiency of the evidence ... in a light most favorable to the Government following a jury verdict in its favor." United States v. Antico, 275 F.3d 245, 260 (3d Cir.2001) (citing Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)). "We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision.... We do not weigh evidence or determine the credibility of witnesses in making this determination." United States v. Beckett, 208 F.3d 140, 151 (3d Cir.2000) (citations omitted). In making our review we examine the totality of the evidence, both direct and circumstantial. See Antico, 275 F.3d at 260. We must credit all available inferences in favor of the government. See United States v. Riddick, 156 F.3d 505, 509 (3d Cir.1998).

United States v. Gambone, 314 F.3d 163, 169-170 (3d Cir.), cert. denied, 124 S.Ct. 67 (2003); see also United States v. Hart, 273 F.3d 363, 371 (3d Cir. 2001). This standard "'places a very heavy burden on [the] appellant,'" United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (citing United States v. Gonzales, 918 F.2d 1129, 1132 (3d Cir. 1990)), one that Abraham has surely failed to satisfy.

26 U.S.C. § 7207 makes it unlawful for any person to "willfully deliver[] or disclose[] to the Secretary [of the Treasury] any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter." Abraham argues that because Costow does not remember exactly how he received the fraudulent documents underlying Counts 2-8, the evidence of the first element of the offense – that he delivered or disclosed these documents to the IRS – is entirely circumstantial, and therefore insufficient to support an inference of guilt.

Wholly aside from the fact that the circumstantial evidence which Abraham concedes establishes this element of the offense is accorded the same weight as direct

4

evidence, Abraham overstates the government's burden and understates the strength of the case against him. When evaluating an insufficiency of the evidence claim, we "must sustain a jury's verdict if 'a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses.'" United States v. Rosario, 118 F.3d 160, 163 (3d Cir. 1997) (quoting United States v. Salmon, 944 F.2d 1106, 1113 (3d Cir.1991)). There can be no doubt that the government's evidence meets this burden. Costow testified that he was "positive" the documents came from Abraham. This testimony alone, if credible (which, for purposes of our review, we must assume), satisfies the delivery/disclosure element of the offense.

Moreover, there is no explanation even suggested as to why anyone other than Abraham – who was subject to an IRS audit at the time, and who was asked by Costow to provide these very documents – would have had a motive to send to Costow fraudulent documents to support false claims on Abraham's tax return. A reasonable jury, even if it questioned whether Costow was, indeed, "positive" about the documents' source, was surely entitled to draw a reasonable inference that Abraham sent the documents to Costow.

We will affirm the District Court's July 2, 2003 order affirming Abraham's conviction.